**In re CONSOLIDATED OIL & GAS, INC., a Colorado corporation, Debtor.**

**Bankruptcy No. 89–B–02873–A.**

United States Bankruptcy Court, D. Colorado.

Feb. 9, 1990.

Catherine A. Lemon, Faegre & Benson, Denver, Colo., for debtor-in-possession.

Douglas Jessop, William Hansen, Davis, Graham & Stubbs, Denver, Colo., for claimants.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Objection to All Claims for Indemnification for Past Actions of Former Officers and Directors ("Objection to Indemnification" herein) filed by the Debtor on September 20, 1989, the Response to Objection to All Claims for Indemnification for Past Actions of Former Officers and Directors and Motion for Hearing Thereon ("Response" herein) filed by Ronald H. Beck, Michael M. Logan, Jerol M. Sonosky, Joe C. Richardson, Jr., Donald W. Ringsby, Jr., William H. Blount, Jr., Harry A. Trueblood, Jr., J. Samuel Butler, Harold C. Gutjahr, Robert F. Chick, and Paul W. Fullerton, Jr. (collectively referred to as "Claimants" herein), and briefs filed by each side regarding this matter. A hearing was held regarding these matters on January 10, 1990.

The Claimants seek indemnification for their attorney's fees as a cost of adminis-

tration pursuant to 11 U.S.C. § 503. Their claims, or rights to indemnification, are based on state law, the Debtor's Articles of Incorporation and Bylaws, and certain pre-petition employment/contract provisions.

The question of first impression before this Court is: Are corporate officers and directors entitled to a Section 503 administrative claim priority on their right to indemnification for legal fees founded on state law, the Debtor's Articles of Incorporation and Bylaws, and employment contracts?

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue properly lies within this District pursuant to 28 U.S.C. § 1409.

4. After a long and bitter proxy battle, the Claimants to this action were ousted from their positions as officers and directors of the Debtor in October, 1988 by vote of the Debtor's shareholders. None of the Claimants has performed services for the Debtor or provided other consideration to the Debtor, post-petition.

5. The Debtor filed its Petition in bankruptcy under Chapter 7 of the Bankruptcy Code on March 11, 1989.

6. On June 15, 1989, the Debtor filed an adversary proceeding, No. 89–J–0665, captioned *Consolidated Oil & Gas, Inc. v. Harry A. Trueblood, Jr., et al.*, ("Trueblood Adversary" herein), alleging that the Claimants, as former officers and directors of the Debtor, diverted assets and corporate opportunities of the Debtor. In the Trueblood Adversary, the Debtor alleges the Claimants engaged in mismanagement, fraud, breach of fiduciary duty, and negligence.

7. Each of the 11 Claimants filed a Proof of Claim in an unliquidated amount for indemnification of costs and expenses incurred in defending themselves in the pending Trueblood Adversary. Each Claimant's Proof of Claim asserts entitle-ment to administrative expense priority pursuant to 11 U.S.C. § 503.

8. The Claimants' indemnification claims are based upon Colorado Statute, C.R.S. § 7–3–101.5(3) [1989 Supp.], which states:

> Unless limited by the articles of incorporation, a corporation shall be required to indemnify a director of the corporation who was wholly successful, on the merits or otherwise, in defense of any proceeding to which he was a party, against reasonable expenses incurred by him in connection with the proceeding.

9. The August 17, 1988 Amended Bylaws to the Articles of Incorporation of the Debtor provide:

> Article VI Indemnification. The corporation, by and through its Board of Directors, shall, to the full extent permitted by the Colorado Corporation Code, indemnify any person who was or is a party or threatened to be made a party of any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he is or was a director, officer, employee, fiduciary, or agent of the corporation or is or was serving at the request of the corporation in any such capacity of or for any other corporation, partnership, joint venture, trust or other enterprise. The right of indemnification shall inure to the benefit of the heirs, executors, administrators and personal representative of such person. ... The meaning of all terms in this Article VI shall have the same meaning as such terms are defined in Section 7–3–101.5 of the Colorado Corporation Code.

10. For the purposes of the January 10, 1990 hearing, the Debtor stipulated that the Claimants have valid, contingent, unliquidated general unsecured claims against the estate.

### DISCUSSION

The sole issue before the Court, at this time, is: Are the Claimants' claims for indemnification a priority administrative ex-

pense of the estate? Pursuant to 11 U.S.C. §§ 507(a)(1) and 726(a)(1), administrative expenses allowed under 11 U.S.C. § 503(b) are entitled to priority. Section 503(b) provides, in pertinent part, as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses ... including—
>> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case....

11 U.S.C. § 503(b).

The determination of the Claimants' right to a priority administrative claim begins with the statutory language itself. When the terms of a statute are clear, the statutory language is controlling absent exceptional circumstances. *Fidelity Savings & Investment Co. v. New Hope Baptist,* 880 F.2d 1172 (10th Cir.1989). Under Section 503(b), administrative costs are expressly authorized only *"for services rendered after the commencement of the case ...."* (Emphasis added.) The Claimants here provided services to the Debtor pre-petition, exclusively and entirely. The literal meaning of this statute must be applied and the Claimants denied their priority claims for indemnification arising from strictly pre-petition services, absent a result demonstrably at odds with legislative intent. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. ——, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

This result is supported by the purpose and policy of Section 503. A 1988 decision of the Tenth Circuit discussing Section 503(b) reflects this conclusion. "Statutory priorities are to be narrowly construed because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors." *In re Amarex,* 853 F.2d 1526, 1530 (10th Cir.1988). Moreover, the Tenth Circuit concluded that "the burden of proving entitlement to a priority is on the person claiming priority."

In *In re Amarex, id.,* the Tenth Circuit cited with approval the Ninth Circuit case of *In re Christian Life Center,* 821 F.2d 1370 (9th Cir.1987), in which that court stated:

> It makes no difference that the duty to indemnify [the officer of the corporation] for litigation expenses, if such duty exists, did not accrue until after the petition was filed when [the officer of the debtor] incurred those expenses; the critical fact is that the claim for indemnity arose from pre-petition services [the officer of the debtor] provided the corporation.

*Id.* at 1374.

In *In re Christian Life Center,* the debtor and some of its officers were sued for fraud and securities law violations. A claim was made against the estate for indemnification of defense costs as a first priority administrative expense. The bankruptcy court allowed the claim as an administrative expense. The district court not only disallowed the claim as an administrative expense, but also subordinated it to general creditors' claims. The court of appeals affirmed the disallowance of the claim as an administrative expense, but reversed as premature the district court's decision to subordinate the indemnification claims to general creditors' claims.

*In re Mammoth Mart, Inc.,* 536 F.2d 950 (1st Cir.1976) is widely cited as establishing the appropriate test for determining eligibility for administrative expense priority. *Mammoth Mart* stated:

> For a claim in its entirety to be entitled to first priority under § 64(a)(1) [the predecessor to § 503(b)(1)(A) ], the debt must arise from a transaction with the debtor-in-possession. When the claim is based upon a contract between the debtor and the claimant, the case law teaches a creditor's right to payment will be afforded first priority only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession and the operation of the business.

*Id.* at 954.

Under this concept, the Claimants here are simply not entitled to indemnification as an administrative cost priority. They neither

contracted with, served on behalf of, nor benefited, in any manner, the Debtor-in-Possession.

The Claimants in this case rendered only pre-petition services to the Debtor. There is, here, an evident duty to indemnify these Claimants and while that duty arose post-petition, the services were pre-petition. Therefore, in this Court's opinion, these Claimants are not entitled to administrative expense priority. This holding applies regardless of when the indemnification obligation to the Claimants, itself, became due under the statute, the contract, and the corporate Bylaws.

The U.S. Bankruptcy Court for the Eastern District of New York reached the same result in the case of *In re Amfesco Industries, Inc.*, 81 B.R. 777 (Bankr.E.D.N.Y. 1988). In that case, present and former directors of the debtor sought indemnification of legal expenses incurred in connection with threatened litigation against them in their capacities as directors and officers of the debtors. Indemnification of defense costs was provided for by the debtor's articles of incorporation and by statute. The court concluded that, although claimants' entitlement to indemnification under state law first matured post-petition, their unliquidated, contingent bankruptcy claim arose pre-petition within the meaning of Section 101(4) of the Bankruptcy Code because the threatened litigation was based upon their pre-petition actions as officers and directors of the debtor. Administrative expense priority was therefore denied, because "[a]ny duty of the Debtors to indemnify the Applicants arises from services provided to the pre-petition Corporation not for services rendered post-petition to the Debtors-in-Possession." *Id.* at 784. In a thorough and well-reasoned opinion, the court recognized that the officers and directors may have served in reliance upon an expectation of indemnification and that affording them only general unsecured claims might prove a hardship. However, as the court aptly observed:

> [T]heir plight is neither better nor worse than that of thousands of other general creditors who rendered services or sup-

plied goods in reliance upon the expectation of payment.
> *Id.* at 785.

*See, also, In the Matter of Baldwin-United Corp.*, 43 B.R. 443 (S.D.Ohio 1984), in which the court rejected the efforts of the debtor-in-possession to obtain administrative expense priority for defense cost indemnification claims of its former officers and directors. As in the other cited cases, the court's decision turned upon the fact that the former officers' and directors' performance of services for the debtors was complete pre-petition, so that the indemnification claims did not arise from a transaction with the debtor-in-possession. *Id.* at 454-455.

The Claimants argue that Colorado Statute, C.R.S. § 7-3-101.5(3) *requires* a debtor to provide an on-going duty of indemnification. The Claimants argue that no indication is given in the state law that this duty ends upon the filing of a bankruptcy petition. The Claimants cite cases such as *In re Wall Tube and Metal Products Co.*, 831 F.2d 118 (6th Cir.1987), which provides that a state could recover its post-petition clean-up cost as an administrative expense for a pre-petition violation of a state environmental statute. That is a very different case from the instant case.

Federal bankruptcy law frequently intervenes and provides relief to a debtor on a variety of common law rights and remedies and state statutory provisions. The most basic of the state statutes which are, in effect, abrogated by federal bankruptcy law include those which require payments pursuant to contracts for goods or services and those which otherwise govern commercial relations. There is no indication that Congress has provided an exception to this basic tenet of federal bankruptcy law in regard to indemnification obligations.

Claimants also maintain they are entitled to a priority administrative expense on policy grounds as well. They argue that a corporation's duty to indemnify its officers and directors benefits the corporation and allows its officers and directors to make necessary corporate decisions without the chilling fear of legal entanglement. Claimants assert that a corporation's duty to

indemnify its officers and directors benefits the corporation because indemnification rights:

> [P]romote the desirable end that corporate officials will resist what they consider unjustified suits and claims, secure in the knowledge that their reasonable expenses will be borne by the corporation they have served if they are vindicated. Beyond that, its larger purpose is to encourage capable men to serve as corporate directors, secure in the knowledge that expenses incurred by them in upholding their honesty and integrity as directors will be borne by the corporation they serve.

*Hibbert v. Hollywood Park, Inc.*, 457 A.2d 339, 334–344 (Del.1983).

This Court entirely agrees with the Claimants that, generally, such indemnification protection is necessary to protect the modern corporate scheme. Indemnification is good policy and good commercial practice. However, this Court is required to look at the specific issues before it. This Court must determine if the services of these Claimants benefited this Debtor or if indemnification of these Claimants would benefit this Chapter 11 Debtor-in-Possession. The answers to the questions are no.

Claimants further argue that courts have repeatedly held that costs imposed upon a debtor because of a post-petition breach of duty, statute or order are entitled to administrative priority. In particular, the Claimants refer to *In re E.A. Nord Co. Inc.*, 78 B.R. 289 (Bankr.W.D.Wash.1987), in which that Court adjudicated as an administrative expense certain attorney's fees and costs awarded against an estate which were incurred post-petition as a result of the debtor's frivolous litigation over a pre-petition claim. The Claimants' argument here is premature.

The Trueblood Adversary concerning the alleged breaches by the Claimants has not been concluded and there is thus, at this time, no determination that the Debtor has committed a post-petition breach of any duty, statute or order or engaged in sanctionable conduct.

The Claimants were removed from their positions as corporate officers and directors after a protracted proxy battle. The corporate officers and directors who were installed as a result of that proxy battle have now taken this Debtor into Chapter 11 bankruptcy and have filed the adversary complaint against the Claimants alleging serious breaches of corporate fiduciary duty. If a court later determines that any party is responsible for filing frivolous or vexatious litigation, sanctions in the form of attorney's fees, or otherwise, will most certainly be assessed against the offending party. This Court is aware of the increased likelihood that the animosity between the parties may be driving the litigation. If such sanctions are awarded against the Debtor, those sanctions may indeed be entitled to a priority administrative expense. However, the litigation is not at all concluded, that matter is not before the Court at this time, and the Claimants are not entitled to an administrative expense pursuant to that theory in this case as it now stands.

IT IS THEREFORE ORDERED that the Debtor's Objection to All Claims for Indemnification for Past Actions of Former Officers and Directors is GRANTED. The Claimants' eleven claims for indemnification of litigation fees and costs as administrative expense priority claims pursuant to 11 U.S.C. § 503(b) are DENIED.